# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
## SOUTHERN DISTRICT OF IOWA

**123 East Walnut Street, Room 300, P. O. Box 9344**
**Des Moines, Iowa 50306-9344    Tel: (515) 284-6248**

Date: November 29, 2007

**FILED**

12-3-07

DEC - 3 2007

07CR760

United States District Court
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Re:     **PROB 22 Transfer of Case for Term of Supervised Release/Probation**
        **USA v. Phillip Bentley, S.D. Ia.  Case No. 3-05-cr-575-2**

Dear Clerk of Court:

Please find enclosed certified copies of the docket, indictment, judgment, and either a satisfaction of judgment or statement of account in the above captioned case.  If a statement of account is enclosed, please provide a copy to your finance department.  This case is being transferred to your district for supervision of the defendant post-judgment.  Jurisdiction has been transferred to your district, and we have closed our case file.

Please confirm receipt of this paperwork by signing and returning a copy of this letter indicating the case number which has been assigned in your district.  Thank you for your cooperation.  If you need anything further or have any questions, please feel free to call me.

Sincerely,

MARGE KRAHN, CLERK
/s/ Donnell Vance
Deputy Clerk

Encs.

Case number assigned in N. D. Illinois: 07cr760

TERMED

# U.S. District Court
## United States District Court for the Southern District of Iowa (Davenport)
## CRIMINAL DOCKET FOR CASE #: 3:05-cr-00575-JEG-TJS All Defendants
### Internal Use Only

Case title: USA v Ford, et al              Date Filed: 11/17/2005
Magistrate judge case number: 3:05-mj-00561-TJS    Date Terminated: 07/09/2007

Assigned to: Judge James E. Gritzner
Referred to: Magistrate Judge Thomas J.
Shields

### Defendant (1)

**Jermaine Allen Ford**          represented by   **David R Treimer**
*TERMINATED: 07/09/2007*                        David R Treimer Law Firm
                                              601 Brady St
                                                Ste 211
                                                Davenport, IA 52803
                                                563-323-7889
                                                Fax: 563-323-9309
                                                Email: ttswlaw@bigplanet.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: CJA Appointment*

                                                **Eugene F Dwyer**
                                                DWYER & WING PC
                                                1503 BRADY STREET
                                                DAVENPORT, IA 52803
                                                563 323 3000
                                                Fax: 563 323 7452
                                                Email: gene@dwattys.com
                                                *TERMINATED: 09/26/2006*
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: CJA Appointment*

                                                **Kevin Ray Cmelik-FPD**
                                                FEDERAL PUBLIC DEFENDER
                                                101 W SECOND STREET
                                                SUITE 401
                                                DAVENPORT, IA 52801
                                                563 322 8931

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.
DATE: 11/29/07
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT
BY: _____
            DEPUTY CLERK

Fax: 563 383 0052
*TERMINATED: 11/03/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Terence L McAtee**
IOWA FEDERAL PUBLIC DEFENDER
101 W 2ND ST
STE 401
DAVENPORT, IA 52801-1815
563-322-8931
Fax: 563-383-0052
Email: terry_mcatee@fd.org
*TERMINATED: 01/12/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

## Pending Counts

CONTROLLED SUBSTANCE - SELL,
DISTRIBUTE, OR DISPENSE -
Distribution of drugs - 21:841(a)(1),
841(b)(1)(D) & 18:2
(1s)

VIOLENT CRIME/DRUGS/MACHINE
GUN - Carrying a firearm during and in
relation to drug trafficking - 18:924(c)
(2s)

UNLAWFUL TRANSPORT OF
FIREARMS, ETC. - Felon in possession
of firearm - 18:922(g)(1) & 924(a)(2)
(3s)

## Highest Offense Level (Opening)

## Disposition

Defendant is sentenced to 20 months on
counts 1 and 3, such terms to run
concurrently to each other; 60 months on
count 2, to run consecutively to the terms
imposed on counts 1 and 3; 3 years SR on
each count, such terms to run
concurrently; $300 total special
assessment

Defendant is sentenced to 20 months on
counts 1 and 3, such terms to run
concurrently to each other; 60 months on
count 2, to run consecutively to the terms
imposed on counts 1 and 3; 3 years SR on
each count, such terms to run
concurrently; $300 total special
assessment

Defendant is sentenced to 20 months on
counts 1 and 3, such terms to run
concurrently to each other; 60 months on
count 2, to run consecutively to the terms
imposed on counts 1 and 3; 3 years SR on
each count, such terms to run
concurrently; $300 total special
assessment

Felony

## Terminated Counts

| Terminated Counts | Disposition |
|---|---|
| MARIJUANA - SELL, DISTRIBUTE, OR DISPENSE: Distribution of Drugs 21:841(a)(1) and 841(b)(1)(D) and 18:2 (1) | Count superseded 11/16/2005 |
| VIOLENT CRIME/DRUGS/MACHINE GUN: Carrying A Firearm During And In Relation To Drug Trafficking 18:924(c) (2) | Count superseded 11/16/2005 |
| UNLAWFUL TRANSPORT OF FIREARMS, ETC.: Felon In Possession Of Firearm 18:922(g)(1), 924(a)(2) (3) | Count superseded 11/16/2005 |

## Highest Offense Level (Terminated)

Felony

| Complaints | Disposition |
|---|---|
| None | |

Assigned to: Chief Judge Robert W. Pratt
Referred to: Magistrate Judge Thomas J.
Shields

## Defendant (2)

**Phillip D. Bentley**
*TERMINATED: 10/02/2006*

represented by **Scott C Peterson**
NIDEY PETERSON ERDAHL &
TINDAL
425 - 2ND STREET SE
SUITE 1000
CEDAR RAPIDS, IA 52401
319 369 0000
Fax: 369 6972
Email: speterson@npetlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Terence L McAtee**
(See above for address)
*TERMINATED: 11/15/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*

*Community Defender Appointment*

**Pending Counts**

UNLAWFUL TRANSPORT OF
FIREARMS, ETC. - Felon in possession
of firearm - 18:922(g)(1) & 924(a)(2)
(4)

**Disposition**

Defendant sentenced to 27 months
imprisonment, followed by 24 months on
supervised release.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

UNLAWFUL TRANSPORT OF
FIREARMS, ETC. - Drug user in
possession of a firearm - 18:922(g)(3),
924(a)(2) & 18:2
(5)

**Disposition**

Dismissed on Government's motion.

**Highest Offense Level (Terminated)**

Felony

**Complaints**

18:924A.F; Felon in possession of a
firearm 18:922(g)(1), 924(a)2

**Disposition**

**Plaintiff**

**USA**                                    represented by **Clifford R Cronk**
                                                          U S Attorney's Office
                                                          U.S. Courthouse
                                                          Suite 310
                                                          131 East 4th Street
                                                          Davenport, IA 52801
                                                          563 884 7700
                                                          Fax: 563-884-7701
                                                          Email: Cliff.Cronk@USDOJ.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/29/2007 | 102 | Supervised Release Jurisdiction Transferred to NDIL (Chicago) as to Phillip D. Bentley Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment, docket sheet, and statement of account. (Attachments: # 1 PROB 22 form) (don, ) (Entered: 11/29/2007) |

| | | |
|---|---|---|
| 10/29/2007 | 101 | STATUS REPORT by USPO as to Phillip D. Bentley (bp, ) (Entered: 10/29/2007) |
| 08/31/2007 | 100 | ORDER granting [ 99 ] Motion to Modify Conditions of Supervision as to Defendant Phillip D. Bentley. Signed by Judge Robert W. Pratt on 8/31/2007. (lh, ) (Entered: 08/31/2007) |
| 08/31/2007 | 99 | WAIVER of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision as to Defendant Phillip D. Bentley (Attachments: # 1 Request for Modifying the Conditions or Term of Supervision with Consent of the Offender) (lh, ) (Entered: 08/31/2007) |
| 06/19/2007 | 98 | ORDER granting 97 Motion to Modify Conditions of Supervision as to Phillip D. Bentley (2). Signed by Judge Robert W. Pratt on 6/18/2007. (bp, ) (Entered: 06/19/2007) |
| 06/19/2007 | 97 | MOTION to Modify Conditions of Supervision by USA as to Phillip D. Bentley. (bp, ) (Entered: 06/19/2007) |
| 05/04/2007 | 96 | Judgment Returned Executed as to Jermaine Allen Ford on 4/27/07. Defendant committed to FCI Greenville, SC. (jl ) (Entered: 05/04/2007) |
| 04/18/2007 | 95 | Judgment Returned Executed as to Phillip D. Bentley on 12/27/06. Defendant committed to FCC Terre Haute, IN. (jl ) (Entered: 04/18/2007) |
| 12/22/2006 | 94 | *SEALED* CJA 20 as to Jermaine Allen Ford : Authorization to Pay David R. Treimer. Voucher # 061215000138. Entered by James E. Gritzner on 12/16/2006. (jl ) (Entered: 12/22/2006) |
| 12/22/2006 | 93 | *SEALED* CJA 20 as to Jermaine Allen Ford : Authorization to Pay Eugene Dwyer. Voucher # 061215000136. Entered by James E. Gritzner on 12/16/2006. (jl ) (Entered: 12/22/2006) |
| 12/21/2006 | 92 | PRESENCE INVESTIGATION REPORT (Sealed) as to Jermaine Allen Ford (bp, ) (Entered: 12/21/2006) |
| 11/29/2006 | 91 | Sealed Document (lom) (Entered: 11/29/2006) |
| 11/29/2006 | 90 | JUDGMENT as to Jermaine Allen Ford. Defendant is sentenced to 20 months on counts 1 and 3, such terms to run concurrently to each other; 60 months on count 2, to run consecutively to the terms imposed on counts 1 and 3; 3 years SR on each count, such terms to run concurrently; $300 total special assessment. Entered by Judge James E. Gritzner on 11/29/2006. (lom) Modified on 12/1/2006 to indicate OJ# 333-87 (lom). (Entered: 11/29/2006) |
| 11/29/2006 | 89 | Minute Entry for proceedings held before Judge James E. Gritzner :Sentencing held on 11/29/2006 for Jermaine Allen Ford. Defendant is sentenced to 20 months on counts 1 and 3, such terms to run concurrently to each other; 60 months on count 2, to run consecutively to the terms imposed on counts 1 and 3; 3 years SR on each count, such terms to run concurrently; $300 total special assessment. Defendant remanded to USMS custody. (Court Reporter T. Martin.) (lom) (Entered: 11/29/2006) |
| 11/29/2006 | 88 | *SEALED* MOTION for Downward Departure by USA as to Jermaine Allen Ford. (lom) (Entered: 11/29/2006) |

| 11/27/2006 | 87 | *SEALED* CJA 20 as to Phillip D. Bentley : Authorization to Pay Scott Peterson. Voucher # 061115000108. Entered by Robert W. Pratt on 11/15/2006. (bp, ) (Entered: 11/27/2006) |
| 11/14/2006 | 86 | TEXT Minute Entry for proceedings held before Judge Thomas J. Shields:Status Conference as to Jermaine Allen Ford held on 11/14/2006. Present were D Treimer, C Cronk, and P Sax. Sentencing set for 11/29/2006 10:30 AM before Judge James E. Gritzner. [8:38-8:39](Court Reporter NONE.) (rmj) (Entered: 11/14/2006) |
| 11/14/2006 | | Judge update in case as to Jermaine Allen Ford. Judge James E. Gritzner added. Judge Unassigned no longer assigned to case. (rmj) (Entered: 11/14/2006) |
| 11/03/2006 | 85 | TEXT ORDER as to Jermaine Allen Ford. Status Conference reset from 11/16/06 to 11/14/2006 08:30 AM before Magistrate Judge Thomas J. Shields. Entered by R Johnson for Marjorie Krahn, Clerk on 11/3/2006. (rmj) (Entered: 11/03/2006) |
| 10/16/2006 | 84 | TEXT Minute Entry for proceedings held before Judge Thomas J. Shields:Status Conference as to Jermaine Allen Ford held on 10/16/2006. Present were D Treimer, J Barrows for C Cronk, and P Sax. ANOTHER Status Conference set for 11/16/2006 08:30 AM before Magistrate Judge Thomas J. Shields. (Court Reporter None.) [8:39-8:40] (rmj) (Entered: 10/17/2006) |
| 10/11/2006 | 83 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Phillip D. Bentley (dv, ) (Entered: 10/12/2006) |
| 10/02/2006 | 82 | Sealed Document. (jdh). (Entered: 10/03/2006) |
| 10/02/2006 | 81 | JUDGMENT as to Phillip D. Bentley (2). On Count 4, Defendant sentenced to 27 months imprisonment, followed by 24 months on supervised release. Count 5 is Dismissed on Government's motion. 332-OJ-75. Entered by Robert W. Pratt on 10/2/2006. (jdh). Modified on 10/3/2006 to add OJ number (jdh). (Entered: 10/03/2006) |
| 10/02/2006 | 80 | Minute Entry for proceedings held before Judge Robert W. Pratt: sentencing held on 10/2/2006 for Phillip D. Bentley (2) from 1:45 to 2:02 pm. (Court Reporter Kelli Mulcahy.) (jdh). (Entered: 10/03/2006) |
| 09/28/2006 | 79 | SENTENCING MEMORANDUM/BRIEF by Phillip D. Bentley (Peterson, Scott) (Entered: 09/28/2006) |
| 09/28/2006 | 78 | TEXT ORDER as to Phillip D. Bentley. Sentencing MOVED from 10/3/06 to 10/2/2006 01:45 PM before Chief Judge Robert W. Pratt. Entered by R Johnson for Marjorie Krahn, Clerk on 9/28/2006. (rmj) (Entered: 09/28/2006) |
| 09/26/2006 | 77 | CJA 20 as to Jermaine Allen Ford: Appointment of Attorney David R Treimer for Jermaine Allen Ford. Attorney Eugene F Dwyer terminated. Entered by Brian Phillips, Deputy Clerk for Marjorie Krahn, Clerk on 9/26/2006. (bp, ) (Entered: 09/26/2006) |
| 09/25/2006 | | Reset Hearing as to Jermaine Allen Ford: Status Hearing set for 10/16/2006 08:30 AM before Magistrate Judge Thomas J. Shields. See pleading #76. (bp, ) (Entered: 09/25/2006) |

| 09/25/2006 | ●76 | Minute Entry for proceedings held before Judge Thomas J. Shields :Motion Hearing as to Jermaine Allen Ford held on 9/25/2006 re 75 First MOTION for Withdrawal of Attorney *Eugene F. Dwyer & Request for Hearing* filed by Jermaine Allen Ford. (Court Reporter Linda Egbers.)(Time:10:01am-10:06am) (bp, ) (Entered: 09/25/2006) |
|---|---|---|
| 09/19/2006 | ●75 | First MOTION for Withdrawal of Attorney *Eugene F. Dwyer & Request for Hearing* Motions referred to Thomas J. Shields. by Jermaine Allen Ford. (Dwyer, Eugene) (Entered: 09/19/2006) |
| 09/15/2006 | ● | Judge update in case as to Phillip D. Bentley. Judge Robert W. Pratt added. Judge Unassigned no longer assigned to case. (rmj) (Entered: 09/15/2006) |
| 09/14/2006 | ●74 | TEXT Minute Entry for proceedings held before Judge Thomas J. Shields:Status Conference as to Phillip D. Bentley held on 9/14/2006. Present were S Peterson, C Cronk, and P Sax. Sentencing set for 10/3/2006 08:30 AM before Chief Judge Robert W. Pratt. [8:55-8:57](Court Reporter NONE.) (rmj) (Entered: 09/15/2006) |
| 09/14/2006 | ●73 | TEXT Minute Entry for proceedings held before Judge Thomas J. Shields:Status Conference as to Jermaine Allen Ford held on 9/14/2006. Present were E Dwyer, C Cronk, and P Sax. ANOTHER status Conference set for 9/28/2006 08:30 AM before Magistrate Judge Thomas J. Shields. [8:37-8:39] (Court Reporter NONE.) (rmj) (Entered: 09/15/2006) |
| 08/29/2006 | ●72 | TEXT ORDER as to Phillip D. Bentley. Status Conference reset from 8/31/06 to 9/14/2006 08:30 AM before Magistrate Judge Thomas J. Shields per USPO request. Entered by R Johnson for Marjorie Krahn, Clerk on 8/29/2006. (rmj) (Entered: 08/29/2006) |
| 08/29/2006 | ●71 | TEXT ORDER as to Jermaine Allen Ford. Status Conference reset from 8/31/06 to 9/14/2006 08:30 AM before Magistrate Judge Thomas J. Shields per USPO request. Entered by R Johnson for Marjorie Krahn, Clerk on 8/29/2006. (rmj) (Entered: 08/29/2006) |
| 08/08/2006 | ●70 | TEXT ORDER as to Jermaine Allen Ford. Status Conference reset from 8/15/06 to 8/31/2006 08:30 AM before Magistrate Judge Thomas J. Shields per USPO request. Entered by R Johnson for Marjorie Krahn, Clerk on 8/8/2006. (rmj) (Entered: 08/08/2006) |
| 07/26/2006 | ●69 | TEXT ORDER as to Jermaine Allen Ford. Status Conference reset from 7/28/06 to 8/15/2006 08:30 AM before Magistrate Judge Thomas J. Shields per USPO request. Entered by R Johnson for Marjorie Krahn, Clerk on 7/26/2006. (rmj) (Entered: 07/26/2006) |
| 06/15/2006 | ●68 | TEXT ORDER Adopting Report and Recommendations re 64 Plea of Guilty as to Phillip D. Bentley (2). Pursuant to the provisions of 28 U.S.C. Section 636(b)(1), the May 30, 2006, Report and Recommendation of the United States Magistrate Judge recommending that defendant Phillip D. Bentley's guilty plea be accepted, to which there has been no timely objection, is accepted, and defendant's plea of guilty to Count 4 of the superceding indictment is now accepted. Entered by Judge Harold D. Vietor on 6/15/2006. (mel) (Entered: 06/15/2006) |

| 06/01/2006 | ⊜67 | CORRECTED ORDER as to Phillip D. Bentley re 65 Order: Status Conference set for 8/31/2006 08:30 AM before Magistrate Judge Thomas J. Shields. Entered by Magistrate Judge Ross A. Walters on 5/30/2006. (Corrected to show signature) (klw) (Entered: 06/01/2006) |
| 05/30/2006 | ⊜66 | MOTION REFERRAL - NO DOCUMENT - as to Phillip D. Bentley REFERRED to Judge Vietor. 64 REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Phillip D. Bentley by Ross A. Walters. (rmj) (Entered: 05/31/2006) |
| 05/30/2006 | ⊜65 | ORDER for status conference as to Phillip D. Bentley. Entered by Ross A. Walters on 5/30/2006. (rmj) Additional attachment(s) added on 6/1/2006 (rmj, ). (Entered: 05/31/2006) |
| 05/30/2006 | ⊜64 | REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Phillip D. Bentley by Ross A. Walters. Objections to R&R due by 6/13/2006. Entered by Ross A. Walters on 5/30/2006. (rmj) (Entered: 05/31/2006) |
| 05/30/2006 | ⊜63 | STATEMENT IN ADVANCE OF PLEA OF GUILTY as to Phillip D. Bentley (rmj) (Entered: 05/31/2006) |
| 05/30/2006 | ⊜62 | PLEA AGREEMENT as to Phillip D. Bentley (rmj) (Entered: 05/31/2006) |
| 05/30/2006 | ⊜61 | CONSENT TO INSPECTION of Presentence Investigation Report by Phillip D. Bentley (rmj) (Entered: 05/31/2006) |
| 05/30/2006 | ⊜60 | NOTICE AND CONSENT RE ENTRY OF PLEA OF GUILTY by Phillip D. Bentley, USA (rmj) (Entered: 05/31/2006) |
| 05/30/2006 | ⊜59 | Minute Entry for proceedings held before Judge Ross A. Walters: Change of Plea Hearing as to Phillip D. Bentley held on 5/30/2006. Status Conference set for 8/31/2006 08:30 AM before Magistrate Judge Thomas J. Shields. (Court Reporter Linda Egbers.) (rmj) (Entered: 05/31/2006) |
| 05/09/2006 | ⊜58 | ORDER TO CONTINUE - Ends of Justice as to Defendant Phillip D. Bentley. Jury Trial set for 6/26/2006 09:00 AM before Judge Unassigned. Pretrial Conference set for 6/12/2006 09:00 AM before Magistrate Judge Thomas J. Shields. Pretrial Motion Deadline 6/9/2006. Change of Plea Hearing set for 5/30/2006 11:15 AM before Magistrate Judge Thomas J. Shields. . Entered by Thomas J. Shields on 5/9/2006. (bp, ) (Entered: 05/09/2006) |
| 05/08/2006 | ⊜57 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Phillip D. Bentley held on 5/8/2006. Counsel for defendant has requested a change of plea date be set. Court sets a change of plea date for May 30, 2006, at 11:15am. If plea does not take place, the trial is continued until the June 26, 2006, trial setting. A new pretrial motion deadline set for June 9, 2006, and the next pretrial conference set for June 12, 2006, at 9:00am in Davenport, IA. (Tape #none.)(Time:10:30am-10:32am) (bp, ) (Entered: 05/09/2006) |
| 05/03/2006 | ⊜56 | ORDER adopting 53 Plea of Guilty as to Jermaine Allen Ford (1) . Entered by Robert W. Pratt on 5/3/2006. (mlm, ) (Entered: 05/03/2006) |

| | | |
|---|---|---|
| 04/17/2006 | ●55 | MOTION REFERRAL - NO DOCUMENT - as to Jermaine Allen Ford REFERRED to Judge Pratt. 53 REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Jermaine Allen Ford by Thomas J. Shields. (rmj) (Entered: 04/17/2006) |
| 04/17/2006 | ●54 | ORDER for status conference as to Jermaine Allen Ford. Entered by Thomas J. Shields on 4/17/2006. (rmj) (Entered: 04/17/2006) |
| 04/17/2006 | ●53 | REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY as to Jermaine Allen Ford by Thomas J. Shields to Judge Pratt. Objections to R&R due by 5/1/2006. Entered by Thomas J. Shields on 4/17/2006. (rmj) (Entered: 04/17/2006) |
| 04/17/2006 | ●52 | NOTICE AND CONSENT RE ENTRY OF PLEA OF GUILTY by Jermaine Allen Ford, USA (rmj) (Entered: 04/17/2006) |
| 04/17/2006 | ●51 | Minute Entry for proceedings held before Judge Thomas J. Shields: Change of Plea Hearing as to Jermaine Allen Ford held on 4/17/2006. Status Conference set for 7/28/2006 08:30 AM before Magistrate Judge Thomas J. Shields. (Court Reporter Linda Egbers.) (rmj) (Entered: 04/17/2006) |
| 04/11/2006 | ●49 | PLEA AGREEMENT as to Jermaine Allen Ford (bp, ) (Entered: 04/11/2006) |
| 04/11/2006 | ●48 | ORDER TO CONTINUE - Ends of Justice as to Defendant Jermaine Allen Ford. Jury Trial set for 5/22/2006 09:00 AM before Judge Unassigned. Pretrial Conference set for 5/8/2006 09:00 AM before Magistrate Judge Thomas J. Shields. Pretrial Motion Deadline 5/5/2006. Change of Plea Hearing set for 4/17/2006 02:00 PM before Magistrate Judge Thomas J. Shields. Entered by Chief, U.S. Magistrate Judge Thomas J. Shields on 4/10/2006. (bp, ) Modified on 4/11/2006 (bp, change plea time). (Entered: 04/11/2006) |
| 04/11/2006 | ●47 | ORDER TO CONTINUE - Ends of Justice as to Defendant Phillip D. Bentley. Jury Trial set for 5/22/2006 09:00 AM before Judge Unassigned. Pretrial Conference set for 5/8/2006 09:00 AM before Magistrate Judge Thomas J. Shields. Pretrial Motion Deadline 5/5/2006. Entered by Chief, U.S. Magistrate Judge Thomas J. Shields on 4/10/2006. (bp, ) (Entered: 04/11/2006) |
| 04/10/2006 | ●50 | STATEMENT IN ADVANCE OF PLEA OF GUILTY as to Jermaine Allen Ford (bp, ) (Entered: 04/11/2006) |
| 04/10/2006 | ●46 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Phillip D. Bentley held on 4/10/2006. Counsel for defendant reqeuests a plea agreement and orally moved for a continuance. The government does not resist the oral motion to continue. Court grants the oral motion and the trial is continued until the May 22, 2006, trial setting. The Court further sets a pretrial motion deadline for May 5, 2006 and the next pretrial conference for May 8, 2006, at 9:00am in Davenport, IA. (Court Reporter Linda Egbers.)(Time:9:38am-9:40am) (bp, ) (Entered: 04/10/2006) |
| 04/10/2006 | ●45 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Jermaine Allen Ford held on 4/10/2006. Counsel for defendant requests a change of plea date be set. Court sets a change of plea hearing for April 17, 2006, at 2:00pm before Judge Shields in Davenport, IA. If plea does not take place, the matter is continued until the May 22, 2006, trial setting. The Court further sets a pretrial motion deadline for May 5, 2006 and |

| | | |
|---|---|---|
| | | the next pretrial conference for May 8, 2006, at 9:00am in Davenport, IA. (Court Reporter Linda Egbers.)(Time:9:38am-9:40am) (bp, ) (Entered: 04/10/2006) |
| 03/14/2006 | ●44 | ORDER TO CONTINUE - Ends of Justice as to Defendant Jermaine Allen Ford, Phillip D. Bentley. Jury Trial set for 4/24/2006 09:00 AM before Judge Unassigned. Pretrial Conference set for 4/10/2006 09:00 AM before Magistrate Judge Thomas J. Shields. Pretrial Motion Deadline 4/7/2006. Entered by Thomas J. Shields on 3/14/2006. (bp, ) (Entered: 03/14/2006) |
| 03/14/2006 | ●43 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Phillip D. Bentley held on 3/14/2006. Counsel for defendant requested a continuance until the April trial setting. Counsel for government does not resist. Court grants the oral motion and continues the case until the April 24, 2006, trial setting. The next pretrial conference will be April 10, 2006, at 9:00am with an April 7, 2006, motion deadline. (Tape #276 (398-455.)(Time:9:21am-9:23am) (bp, ) (Entered: 03/14/2006) |
| 03/14/2006 | ●42 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Jermaine Allen Ford held on 3/14/2006. Counsel for defendant requested a continuance until the April trial setting. Counsel for government does not resist. Court grants the oral motion and continues the case until the April 24, 2006, trial setting. The next pretrial conference will be April 10, 2006, at 9:00am with an April 7, 2006, motion deadline. (Tape #276 (398-455.)(Time:9:21am-9:23am) (bp, ) (Entered: 03/14/2006) |
| 02/13/2006 | ●41 | ORDER as to Phillip D. Bentley. Detention Hearing held 12/20/05. Government's motion for detention granted. Defendant to remain in the custody of USMS. Entered by Thomas J. Shields on 2/13/2005. (dam) (Entered: 02/13/2006) |
| 01/19/2006 | ●40 | CJA 20 as to Jermaine Allen Ford: Appointment of Attorney Eugene F Dwyer for Jermaine Allen Ford. . Entered by Brian Phillips, Deputy Clerk for Marjorie Krahn, Clerk on 1/19/2006. (bp, ) (Entered: 01/19/2006) |
| 01/18/2006 | ●39 | ORDER TO CONTINUE - Ends of Justice as to Defendant Jermaine Allen Ford, Phillip D. Bentley. Trial is continued until March 27, 2006 and pretrial conference set for March 14, 2006 at 9:00am . Entered by Thomas J. Shields on 1/18/2006. (bp, ) (Entered: 01/19/2006) |
| 01/18/2006 | ●38 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Phillip D. Bentley held on 1/18/2006. Counsel for defendant requested a continuance until the March trial setting. Counsel for government does not object. Court grants the oral motion to continue. Jury trial reset for March 27, 2006, with a pretrial conference set for March 14, 2006 at 9:00am, in Rock Island, IL. Court further sets a motion deadline of March 10, 2006. (Tape #263 (671-735.)(Time:9:35am-9:37am) (bp, ) (Entered: 01/18/2006) |
| 01/18/2006 | ●37 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Jermaine Allen Ford held on 1/18/2006. Counsel for defendant requested a continuance until the March trial setting. Counsel for government does not object. Court grants the oral motion to continue. Jury trial reset for March 27, 2006, with a pretrial conference set for March 14, 2006 at |

| | | |
|---|---|---|
| | | 9:00am, in Rock Island, IL. Court further sets a motion deadline of March 10, 2006. (Tape #263 (671-735.)(Time: 9:35am-9:37am) (bp, ) Modified on 1/18/2006 (bp,corrected typographic error). (Entered: 01/18/2006) |
| 01/13/2006 | ☉ | Attorney update in case as to Jermaine Allen Ford. Attorney Eugene F Dwyer for Jermaine Allen Ford, Eugene F Dwyer for Jermaine Allen Ford added. (bp, ) (Entered: 01/17/2006) |
| 01/12/2006 | ☉36 | TEXT ORDER: ORDER granting 35 motion to withdraw by the Federal Defender. The Clerk of Court should appoint a CJA panel attorney to represent defendant Ford and note to counsel the upcoming pretrial conference and jury trial dates, 1/18/2006 and 1/30/2006, respectively. Entered by Magistrate Judge Ross A. Walters on 1/12/2006. (klw) (Entered: 01/12/2006) |
| 01/12/2006 | ☉35 | MOTION for Withdrawal of Attorney *Due to Conflict* as to Jermaine Allen Ford. (McAtee, Terence) (Entered: 01/12/2006) |
| 12/23/2005 | ☉34 | ORDER TO CONTINUE - Ends of Justice as to Defendant Jermaine Allen Ford, Phillip D. Bentley. Trial reset for January 30, 2006, at 9:00am and the pretrial conference set for January 18, 2006, at 9:00am in Rock Island, IL. A new pretrial motion deadline is January 10, 2006 . Entered by Thomas J. Shields on 12/23/2005. (bp, ) (Entered: 12/23/2005) |
| 12/20/2005 | ☉33 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Phillip D. Bentley held on 12/20/2005. Government could be ready for trial but, has no objections to any continuances made by defense counsel. Counsel for defendant made an oral motion for a continuance. Court grants oral motion to continue. Jury Trial set for 1/30/2006 09:00 AM before Judge Unassigned. Motions due by 1/10/2006. Pretrial Conference set for 1/18/2006 09:00 AM before Magistrate Judge Thomas J. Shields. (Tape #274 (1680-1845.)(Time: 9:56am-10:00am) (bp, ) Modified on 12/21/2005 to change FPTC date to 1/18/06 (rmj). (Entered: 12/20/2005) |
| 12/20/2005 | ☉32 | Text Minute Entry for proceedings held before Judge Thomas J. Shields : Pretrial Conference as to Jermaine Allen Ford held on 12/20/2005. Government could be ready for trial but, has no objections to any continuances made by defense counsel. Counsel for defendant made an oral motion for a continuance. Court grants oral motion to continue. Jury Trial set for 1/30/2006 09:00 AM before Judge Unassigned. Motions due by 1/10/2006. Pretrial Conference set for 1/18/2006 09:00 AM before Magistrate Judge Thomas J. Shields. (Tape #274 (1680-1845.)(Time:9:56am-10:00am) (bp, ) (Entered: 12/20/2005) |
| 12/20/2005 | ☉31 | Minute Entry for proceedings held before Judge Thomas J. Shields : Detention Hearing as to Phillip D. Bentley held on 12/20/2005. (Court Reporter Linda Egbers.)(Time: 10:45am-11:19am) (bp, ) (Entered: 12/20/2005) |
| 12/14/2005 | ☉30 | TEXT ORDER granting 29 Motion to Continue as to Phillip D. Bentley (2) Detention Hearing set for 12/20/2005 10:30 AM before Magistrate Judge Thomas J. Shields. Entered by Thomas J. Shields on 12/14/2005. (dam) Modified on 12/14/2005 (bp, added "TEXT"). (Entered: 12/14/2005) |
| 12/14/2005 | ☉29 | MOTION to Continue Detention Hearing as to Phillip D. Bentley. Responses due by 12/27/2005 (bp, ) (Entered: 12/14/2005) |

| 12/01/2005 | ●28 | TEXT ORDER SETTING TRIAL as to Jermaine Allen Ford Jury Trial set for 1/3/2006 09:00 AM before Judge Unassigned. Discovery due by 12/7/2005.Reciprocal Discovery due by 12/14/2005. Motions due by 12/16/2005. Pretrial Conference set for 12/20/2005 09:00 AM before Magistrate Judge Thomas J. Shields. Trial Notification due by 12/27/2005. Entered by Marjorie Krahn, Clerk on 12/1/2005. (bp, ) (Entered: 12/01/2005) |
| --- | --- | --- |
| 12/01/2005 | ●27 | Minute Entry for proceedings held before Judge Thomas J. Shields : Arraignment on the superseding indictment as to Jermaine Allen Ford (1) Count 1s,2s,3s held on 12/1/2005. (Tape #269 (5982-6247.)(Time:9:05am-9:10am) (bp, ) (Entered: 12/01/2005) |
| 11/30/2005 | ●26 | TEXT ORDER granting 25 Motion to Continue detention hearing as to Phillip D. Bentley (2). Detention Hearing reset for 12/15/2005 09:30 AM before Magistrate Judge Thomas J. Shields. Entered by Thomas J. Shields on 11/30/2005. (bp, ) (Entered: 11/30/2005) |
| 11/30/2005 | ●25 | MOTION to Continue Detention Hearing as to Phillip D. Bentley. Responses due by 12/12/2005 (bp, ) (Entered: 11/30/2005) |
| 11/30/2005 | ●24 | TEXT ORDER SETTING TRIAL as to Phillip D. Bentley Jury Trial set for 1/3/2006 09:00 AM before Judge Unassigned. Discovery due by 12/9/2005.Reciprocal Discovery due by 12/16/2005. Motions due by 12/19/2005. Pretrial Conference set for 12/20/2005 09:00 AM before Magistrate Judge Thomas J. Shields. Trial Notification due by 12/27/2005. Entered by Marjorie Krahn, Clerk on 11/30/2005. (bp, ) (Entered: 11/30/2005) |
| 11/30/2005 | ●23 | Minute Entry for proceedings held before Judge Thomas J. Shields : Arraignment as to Phillip D. Bentley (2) Count 4,5 held on 11/30/2005. Court further grants the motion to continue the detention hearing. Court reset the detention hearing for December 15, 2005, at 9:30am. (Tape #271 (970-1240.)(Time:3:40pm-3:48pm) (bp, ) (Entered: 11/30/2005) |
| 11/23/2005 | ●22 | ORDER granting 21 Motion to Continue Trial as to Jermaine Allen Ford (1) Jury Trial set for 1/3/2006 09:00 AM before Judge Unassigned. Pretrial Motion Deadline 12/9/2005. Pretrial Conference set for December 20, 2005, at 9:00am in Rock Island, IL . Entered by Thomas J. Shields on 11/23/2005. (bp, ) (Entered: 11/23/2005) |
| 11/23/2005 | ●21 | MOTION to Continue Trial *and Pretrial Motions Deadline* as to Jermaine Allen Ford. (McAtee, Terence) (Entered: 11/23/2005) |
| 11/23/2005 | ●20 | Warrant of Arrest Returned Executed on 11/16/05, in case as to Phillip D. Bentley. (bp, ) (Entered: 11/23/2005) |
| 11/22/2005 | ●19 | CJA 20 as to Phillip D. Bentley: Appointment of Attorney Scott C Peterson for Phillip D. Bentley. Entered by Brian Phillips, Deputy Clerk for Marjorie Krahn, Clerk on 11/22/2005. (bp, ) (Entered: 11/22/2005) |
| 11/17/2005 | ● | Judge update in case as to Phillip D. Bentley. Judge Unassigned and Thomas J. Shields added. (bp, ) (Entered: 11/17/2005) |
| 11/16/2005 | ●18 | Minute Entry for proceedings held before Judge Thomas J. Shields : Grand Jury Presentment as to Jermaine Allen Ford, Phillip D. Bentley held on 11/16/2005 Not Secret, Letter to issue, Gov. requested Detention. Minutes done by |

| | | |
|---|---|---|
| | | Courtroom Deputy Rita Johnson. (Court Reporter none.)(Time:4:31pm-4:39pm) (bp, ) (Entered: 11/17/2005) |
| 11/16/2005 | ❶17 | Redacted Superseding Indictment as to Jermaine Allen Ford, Phillip D. Bentley. (bp, ) (Entered: 11/17/2005) |
| 11/16/2005 | ❶16 | SEALED SUPERSEDING INDICTMENT as to Jermaine Allen Ford (1) count(s) 1s, 2s, 3s, Phillip D. Bentley (2) count(s) 4, 5. (bp, ) Modified on 11/17/2005 (bp, added "Superseding". (Entered: 11/17/2005) |
| 11/15/2005 | ❶8 | ORDER FOR APPOINTMENT OF COUNSEL as to Phillip D. Bentley . Entered by Thomas J. Shields on 11/15/2005. (bp, ) [3:05-mj-00561-TJS] (Entered: 11/16/2005) |
| 11/15/2005 | ❶7 | Minute Entry for proceedings held before Judge Thomas J. Shields : Preliminary Examination as to Phillip D. Bentley held on 11/15/2005. Detention Hearing set for 11/30/2005 03:30 PM before Magistrate Judge Thomas J. Shields. (Court Reporter Heidi Weston.)(Time:10:45am-10:50am) (bp, ) [3:05-mj-00561-TJS] (Entered: 11/16/2005) |
| 11/15/2005 | ❶6 | NOTICE AND CONSENT RE PLACE OF HOLDING COURT by USA as to Phillip D. Bentley (bp, ) [3:05-mj-00561-TJS] (Entered: 11/16/2005) |
| 11/15/2005 | ❶5 | NOTICE AND CONSENT RE PLACE OF HOLDING COURT by Phillip D. Bentley (bp, ) [3:05-mj-00561-TJS] (Entered: 11/16/2005) |
| 11/10/2005 | ❶ | Attorney update in case as to Phillip D. Bentley. Attorney Scott C Peterson for Phillip D. Bentley added. Attorney Terence L McAtee terminated. (bp, ) [3:05-mj-00561-TJS] (Entered: 11/10/2005) |
| 11/10/2005 | ❶4 | ORDER OF DETENTION as to Phillip D. Bentley Detention Hearing set for 11/15/2005 10:30 AM before Magistrate Judge Thomas J. Shields. Entered by Thomas J. Shields on 11/9/2005. (bp, ) [3:05-mj-00561-TJS] (Entered: 11/10/2005) |
| 11/09/2005 | ❶3 | Minute Entry for proceedings held before Judge Thomas J. Shields : Initial Appearance as to Defendant Phillip D. Bentley held on 11/9/2005 Attorney Terence McAtee for defendant Detention Hearing set for 11/15/2005 10:30 AM before Magistrate Judge Thomas J. Shields. Preliminary Examination set for 11/15/2005 10:30 AM before Magistrate Judge Thomas J. Shields. (Tape #271 (741-970.)(Time:4:36pm-4:42pm) (bp, ) [3:05-mj-00561-TJS] (Entered: 11/09/2005) |
| 11/09/2005 | ❶ | Case unsealed as to Phillip D. Bentley (bp, ) [3:05-mj-00561-TJS] (Entered: 11/09/2005) |
| 11/08/2005 | ❶15 | ORDER FOR APPOINTMENT OF COUNSEL as to Jermaine Allen Ford . Entered by Thomas J. Shields on 11/8/2005. (bp, ) (Entered: 11/08/2005) |
| 11/08/2005 | ❶14 | CJA 23 Financial Affidavit by Jermaine Allen Ford (bp, ) (Entered: 11/08/2005) |
| 11/07/2005 | ❶1 | COMPLAINT by USA, signed by Thomas J. Shields as to Phillip D. Bentley (1). (rmj) [3:05-mj-00561-TJS] (Entered: 11/07/2005) |

| 11/07/2005 | ○ | Judge update in case as to Phillip D. Bentley. Judge Thomas J. Shields added. (rmj) [3:05-mj-00561-TJS] (Entered: 11/07/2005) |
| 11/07/2005 | ○12 | Minute Entry for proceedings held before Judge Thomas J. Shields : Detention Hearing as to Jermaine Allen Ford held on 11/7/2005. (Court Reporter Linda Egbers.)(Time:10:07am-10:28am) (bp, ) (Entered: 11/07/2005) |
| 11/03/2005 | ○11 | NOTICE OF ATTORNEY APPEARANCE: Terence L McAtee appearing for Jermaine Allen Ford (McAtee, Terence) (Entered: 11/03/2005) |
| 10/31/2005 | ○10 | TEXT ORDER SETTING TRIAL as to Jermaine Allen Ford Jury Trial set for 11/28/2005 09:00 AM before Judge Unassigned. Discovery due by 11/4/2005.Reciprocal Discovery due by 11/11/2005. Motions due by 11/14/2005. Pretrial Conference set for 11/15/2005 09:00 AM before Magistrate Judge Thomas J. Shields. Trial Notification due by 11/28/2005. Entered by Marjorie Krahn, Clerk on 10/31/2005. (bp, ) (Entered: 11/01/2005) |
| 10/31/2005 | ○ | Reset Hearings as to Jermaine Allen Ford: Detention Hearing set for 11/7/2005 10:00 AM before Magistrate Judge Thomas J. Shields. See pleading #9. (bp, ) (Entered: 10/31/2005) |
| 10/28/2005 | ○9 | Minute Entry for proceedings held before Judge Thomas J. Shields : Arraignment as to Jermaine Allen Ford (1) Count 1,2,3 held on 10/28/2005. (Court Reporter Linda Egbers.)(Time:11:16am-11:21am) (bp, ) (Entered: 10/31/2005) |
| 10/28/2005 | ○8 | NOTICE AND CONSENT RE PLACE OF HOLDING COURT by Jermaine Allen Ford (bp, ) (Entered: 10/31/2005) |
| 10/26/2005 | ○7 | ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT as to Jermaine Allen Ford. Detention Hearing set for 10/28/2005 11:00 AM before Magistrate Judge Thomas J. Shields. Entered by Thomas J. Shields on 10/26/2005. (rmj) (Entered: 10/27/2005) |
| 10/26/2005 | ○6 | Minute Entry for proceedings held before Judge Thomas J. Shields : Initial Appearance as to Defendant Jermaine Allen Ford held on 10/26/2005 Attorney Kevin Cmelik for defendant Arraignment set for 10/28/2005 11:00 AM before Magistrate Judge Thomas J. Shields. Detention Hearing set for 10/28/2005 11:00 AM before Magistrate Judge Thomas J. Shields. (Tape #269 (1619-1778.)(Time:3:05pm-3:10pm) (bp, ) (Entered: 10/26/2005) |
| 10/18/2005 | ○5 | NOTICE AND CONSENT RE PLACE OF HOLDING COURT by USA as to Jermaine Allen Ford (Cronk, Clifford) (Entered: 10/18/2005) |
| 10/14/2005 | ○ | Case unsealed as to Jermaine Allen Ford (lh, ) (Entered: 10/17/2005) |
| 10/14/2005 | ○ | Judge update in case as to Jermaine Allen Ford. Judge Unassigned and Thomas J. Shields added. (lh, ) (Entered: 10/17/2005) |
| 10/14/2005 | ○3 | Minute Entry for proceedings held before Judge Celeste F. Bremer : Grand Jury Presentment as to Jermaine Allen Ford held on 10/14/2005 Not Secret, Warrant to issue, Gov. requested Detention; Returns via ICN, Judge Bremer in Des Moines, AUSA, Foreperson and Deputy Clerk in Muscatine, IA; Warrant to Issue. Time Begin 3:50 Time End 3:52 R Johnson, Deputy Clerk (lh, ) |

| | | (Entered: 10/17/2005) |
|---|---|---|
| 10/14/2005 | ❶2 | Redacted Indictment as to Jermaine Allen Ford. (lh, ) (Entered: 10/17/2005) |
| 10/14/2005 | ❶1 | SEALED INDICTMENT as to Jermaine Allen Ford (1) count(s) 1, 2, 3. (lh, ) (Entered: 10/17/2005) |

| Date | Description | Amount | Disbursed | Running Balance | Tran Type |
|---|---|---|---|---|---|
| 10/2/2006 | Begining Balance | $100.00 | | $100.00 | Begining Bal. |
| 4/12/2007 | Pd. IPAC BOP 3/9/07 DOJ 138-07-061 | ($25.00) | | $75.00 | Principal Rec. |

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.
DATE: 11/29/07
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

RECEIVED
NOV 1 6 2005
CLERK, U.S.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:05-cr-575 |
| Plaintiff, | ) | |
| | ) | SUPERSEDING |
| v. | ) | INDICTMENT |
| | ) | |
| JERMAINE ALLEN FORD, and | ) | T. 21, U.S.C., §§ 841(a)(1), (b)(1)(D) |
| PHILLIP D. BENTLEY, | ) | T. 18, U.S.C., § 924(c) |
| | ) | T. 18, U.S.C., § 922(g)(1) |
| Defendants. | ) | T. 18, U.S.C., § 922(g)(3) |
| | ) | T. 18, U.S.C., § 924(a)(2) |
| | ) | T. 18, U.S.C., § 2 |

**THE GRAND JURY CHARGES:**

## COUNT 1
### (Distribution of Drugs)

On or about July 6, 2005, in Scott County in the Southern District of Iowa, defendant,

JERMAINE ALLEN FORD, did knowingly and intentionally possess with intent to distribute

marijuana, a Schedule I controlled substance.

This is a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D)

and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2
### (Carrying a Firearm During and in Relation to Drug Trafficking)

On or about July 6, 2005, in Scott County in the Southern District of Iowa, the defendant,

-1-

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL

DATE: 11/29/07

MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT

BY: _____
DEPUTY CLERK

JERMAINE ALLEN FORD, did knowingly carry a firearm during and in relation to a drug

trafficking crime which was a felony prosecutable in a court of the United States, as alleged in

Count 1 of this Indictment.

This is a violation of Title 18, United States Code, Section 924(c).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 3
### (Felon in Possession of Firearm)

On or about July 6, 2005, in Scott County in the Southern District of Iowa, the defendant,

JERMAINE ALLEN FORD, having been convicted in the State of Illinois of a crime punishable

by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Smith &

Wesson, .38 caliber pistol, said firearm being possessed in and affecting commerce.

This is a violation of Title 18, United States Code, Section 922(g)(1) and

924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

### COUNT 4
### (Felon in Possession of Firearm)

On or about July 6, 2005, in Scott County in the Southern District of Iowa, the defendant,

PHILLIP D. BENTLEY, having been convicted in the State of Illinois of a crime punishable by

imprisonment for a term exceeding one year, knowingly possessed a firearm, that is, a Ruger, .38

caliber pistol, said firearm being possessed in and affecting commerce.

This is a violation of Title 18, United States Code, Section 922(g)(1) and

924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

**COUNT 5**
**(Drug User in Possession of a Firearm)**

On or abut July 6, 2005, in Scott County, in the Southern District of Iowa, the

defendant, PHILLIP D. BENTLEY, a drug user, possessed a firearm, that is, a Ruger, .38 caliber

pistol, said firearm being possessed in and affecting commerce.

This is a violation of Title 18, United States Code, Sections 922(g)(3), 924(a)(2)

and Title 18, United States Code, Section 2.

**A TRUE BILL.**

                                          /s/
                                    _____
                                    FOREPERSON

Matthew G. Whitaker
United States Attorney

By: /s/ Clifford R. Cronk III
    _____
    Clifford R. Cronk III
    Assistant United States Attorney

-3-

RECEIVED
MAY 3 0 2006
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 3:05-cr-00575 |
| | ) | |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| PHILLIP D. BENTLEY, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY AGREED by and between the plaintiff, the United States of America, and the defendant, PHILLIP D. BENTLEY, with the defendant's attorney, Scott C. Peterson as follows:

## A. CHARGES

1.  *Subject Offense.*  Defendant will plead guilty to Count 4 of the Indictment which charges a violation Title 18, United States Code, Section 922(g)(1)(Felon in Possession of a Firearm).

2.  *No Further Prosecution.*  The United States of America agrees that the defendant will not be charged in the Southern District of Iowa with any other federal criminal offense under Title 18 or Title 21, United States Code, arising from or directly relating to this investigation, except for any crimes of violence.  This paragraph and this plea agreement do not apply to any criminal offenses occurring after the execution of this plea agreement.

I DO HEREBY ATTEST AND CERTIFY THAT THIS IS A TRUE AND FULL COPY OF THE ORIGINAL.

DATE: 11/29/07
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT
BY: _____
DEPUTY CLERK

### B.  CONSEQUENCES OF PLEA

3.    *Maximum Punishment*  Count 4 is punishable by a maximum term of imprisonment of ten (10) years, a maximum fine of not more than $250,000.00, or both.  A special assessment of $100.00, and a term of supervised release of up to three (3) years may be imposed.

4.    *Mandatory Detention*  The defendant agrees that he will remain in the custody of the United States Marshals Service following the completion of the entry of defendant's guilty plea to await the imposition of sentence.

5.    *Forfeiture of Firearm.* Defendant agrees to forfeit the firearm and ammunition seized in connection with this case. The defendant agrees that the district court may order the firearms and accessories destroyed or given to a law enforcement agency.

### C.  SENTENCING CONSIDERATIONS

6.    *Sentencing Guidelines - Factors.*  The sentence imposed will be based upon a consideration of the United States Sentencing Commission Guidelines and the statutes that apply to this offense and federal criminal cases in general.  Although the provisions of the Sentencing Guidelines are not mandatory, they are advisory, and the parties understand that the district court will consider them, along with the factors set forth in Title 18, United States Code, Section 3553(a), in determining the final sentence. The Sentencing

- 2 -

Guidelines establish a sentencing range based upon factors determined to be

present in the case, which include, but are not limited to the following:

      a.    *the appropriate guideline for a violation of 18 U.S.C.*
          *§ 922(g);* the parties agree that § 2K2.1 of the Federal
          Sentencing Guidelines is the appropriate guideline
          section for the underlying offense charged in Count 4;

      b.    *criminal history* (prior convictions); the defendant
          admits that he has a prior felony conviction;

      c.    *acceptance or lack of acceptance of responsibility.*

      7.    *No Promises.* The United States makes no representations or

promises as to the sentence to be imposed, as this is solely within the District

Court's discretion. Although the parties may have discussed the possibilities of

various factors having an impact on the sentence, and the parties have set

forth above certain agreements concerning those factors, the District Court is

not bound by such discussions or agreements and is free to make its own

determinations on sentencing issues. The parties also agree that no such

discussion or agreement has resulted in any express or implied promise or

guarantee concerning the actual sentence to be imposed.

      8.    *No Right to Withdraw Plea* The defendant understands that

he will have no right to withdraw his guilty plea if the sentence imposed, or the

application of the United States Sentencing Commission Guidelines, is other

than he anticipated. The parties understand the Court may defer its decision

to accept the plea until there has been an opportunity to review a presentence
investigation report.

9.    *Evidence at Sentencing.*  The defendant, the defendant's
attorney, and the plaintiff's attorney will be permitted to make whatever
comment and evidentiary offer they deem appropriate at the time of the guilty
plea, sentencing, or any other proceeding related to this case, provided such
offer or comment does not violate any other provision of this agreement.  The
parties are free to provide all relevant information to the U. S. Probation Office
for use in preparing a presentence report.

10.    *Fines/Costs.*  Issues relating to fines and/or costs of
incarceration are not dealt with in this agreement, and the parties are free to
espouse their respective positions at sentencing.

11.    *Special Assessment.*  The defendant agrees to pay to the
United States, through the district court clerk's office, a special assessment of
$100.00 per count of conviction, as required by Title 18, United States Code,
§ 3013.  The defendant agrees to make such payment by the time of the
sentencing hearing.

## D.  WAIVER OF APPEAL, § 2255, AND RULE 410 RIGHTS

12.    *Waiver of Right to Appeal.*  The defendant is aware that
federal law, specifically, Title 28, United States Code, Section 1291, affords him
a right to appeal a final decision of the district court and that federal law,

- 4 -

specifically, Title 18, United States Code, Section 3742, affords him a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives his right to appeal any and all issues relating to this Agreement and his conviction and sentence, including any fine or restitution, within the maximum penalties provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this Agreement.

13.    *Waiver of Right to Collateral Attack*  The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally if it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or

- 5 -

sentence. The defendant's attorney has fully discussed and explained to the defendants his right to attack the conviction and/or sentence collaterally. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of his counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from his attorney regarding this right. Regardless of any advice the defendant's attorney may have given him, in exchange for the concessions made by the United States in this Agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include the right to challenge the amount of any fine or restitution in any collateral attack including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

14.    *Effect of Filing an Appeal.* It is a material breach of this Agreement for the defendant to file a petition for post-conviction review of his conviction or sentence, or to file any notice of appeal or other collateral attack to contest the conviction or sentence in this case for any reason.

15.    *Waiver of Rule 410 rights.* The defendant waives his rights under Rule 410 of the Federal Rules of Evidence. Therefore, when the defendant executes the plea agreement and the stipulation of facts he understands that his admissions to the court at the time of his plea or at any other time, and his statements to the Government herein, and thereafter, are

admissible against him.  Therefore, should the defendant fail to plead guilty
pursuant to this plea agreement or move to withdraw his plea or to set aside
his conviction, his admissions may be used against him in the Government's
case-in-chief or otherwise, during the prosecution of this case or any future
prosecution.

## D. GENERAL MATTERS

16.    *Voluntariness of Plea.*  The defendant acknowledges
voluntarily entering into this plea agreement, and the defendant is pleading
guilty because he is, in fact, guilty.  The defendant further acknowledges
entering into this agreement without reliance upon any discussions between
the United States and him (other than those described in this plea agreement),
without promise of benefit of any kind (other than any concessions contained
in this plea agreement), and without threats, force, intimidation, or coercion of
any kind.  The defendant further acknowledges understanding the nature of
the offense to which he is pleading guilty, including the penalties provided by
law.

17.    *Waiver of Rights.*  In connection with the defendant's plea of
guilty pursuant to this agreement, the defendant acknowledges that he has
been informed of, and understand, the following:

      a.    the right of the United States, in a prosecution for
                perjury or false statement, to use against the
                defendant any statement that the defendant gives
                under oath;

- 7 -

b.    the right to plead not guilty, and to persist in that
plea;

c.    the right to a jury trial;

d.    the right to be represented by counsel – and if
necessary to have the court appoint counsel – at trial
and at every other stage of the proceeding;

e.    the right at trial to confront and cross-examine
adverse witnesses, to be protected from compelled self-
incrimination, to testify and present evidence, and to
compel the attendance of witnesses; and

f.    the defendant will have waived these trial rights upon
the District Court's acceptance of his plea of guilty.

18.    *Limited Scope of Agreement.*  This agreement does not limit,

in any way, the right or ability of the United States to investigate or prosecute

the defendant for crimes occurring outside the scope of this agreement.

Additionally, this agreement does not preclude the United States from pursuing

any civil or administrative matters against the defendant, including, but not

limited to, civil tax matters and civil forfeiture, which arise from, or are related

to, the facts upon which this investigation is based.  This agreement binds only

the parties hereto.  It does not bind any state or local authority and does not

bind any federal authority other than the United States Attorney for the

Southern District of Iowa.

19.    *Entire Agreement.*  This plea agreement, and any

attachments, constitute the entire agreement between the parties.  No other

- 8 -

promises of any kind, express or implied, have been made to the defendant by the United States or by its agents.

20.    *Factual Stipulations.* Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of the defendant's offense conduct relating to the subject offense.

21.    *Venue.* The parties understand that the conduct underlying the offense was committed in whole or in part in the Southern District of Iowa, and the United States District Court, Southern District of Iowa, Davenport Division, is a proper venue for this case.

22.    *Use of the Iowa Cable Network.* The defendant and the defendant's attorney agree that the Iowa Cable Network may be used for any hearing subsequent to the signing of this plea agreement, including the plea proceeding and sentencing.

23.    *Execution/Effective Date.* This agreement does not become valid and binding until the Plea Agreement, the Attachment A (Stipulation of Facts), and the Statement by Defendant in Advance of Plea of Guilty are executed by each of the parties and their counsel shown below, and said original documents or copies are received at the United States Attorney's Office, United States Court House, 131 East 4th Street, Suite 310, Davenport, Iowa 52801. The United States Attorney's Office may withdraw this plea agreement

offer at any time prior to its acceptance and execution by the defendant and

receipt of the documents at the United States Attorney's Office.

The undersigned hereby accept and agree to the terms and conditions set forth in this Plea Agreement.


_5/25/06_
Date


                        _Phillip Bentley_
                        Phillip D. Bentley
                        Defendant


_5/25/06_
Date


                        Mr. Scott C. Peterson
                        Attorney for Defendant
                        452 2nd Street, Suite 1000
                        Cedar Rapids, Ia.  52401
                        Tel:    (319) 369-0000
                        Fax:   (319) 369-6972


                        Matthew G. Whitaker
                        United States Attorney


_5/30/06_
Date                    By:

                        Clifford R. Cronk III
                        Assistant United States Attorney
                        United States Court House
                        131 4th Street, Suite 310
                        Davenport, IA  61201
                        Tel: (563) 884-7700
                        Fax: (563) 884-7701
                        Email: cliff.cronk@usdoj.gov


- 10 -

**ATTACHMENT A**
**STIPULATION OF FACTS**

The undersigned Assistant United States Attorney for and on

behalf of the United States of America, plaintiff in the above captioned matter,

and defendant Phillip D. Bentley, and his attorney, Scott C. Peterson, hereby

stipulate and agree that the following facts are true and correct and may be

used by the District Court to establish a factual basis for the plea of guilty to

be entered by defendant pursuant to the plea agreement and for purposes of

sentencing:

1. On July 6, 2005, at about 10:30 p.m., Officer Outlaw of the

Davenport Police Department was traveling near 4th & Main Streets when he

saw a vehicle containing four individuals drive past him. As they did, he

detected the odor of burning marijuana. Officer Outlaw followed the vehicle a

short distance and then activated his emergency lights to pull it over. The car

did not stop immediately and the rear passengers appeared to be moving

around suspiciously. Officer Outlaw called for assistance from other officers.

2. Officers Hughes and Pieffer arrived to assist. The decision was

made to remove the occupants from the car. Officer Hughes and Pieffer went to

the rear passenger side and asked Bentley to step out fo the vehicle. He

complied. All other passengers were removed and separated.

3. Jermaine Ford, who was behind the driver's seat in the rear,

did not get out when asked. Eventually Ford moved from the driver's side to the

passenger side. As Ford was getting out of the car he began to run. Officer

Outlaw and Officer Hughes quickly subdued Ford and got him to the ground.

During the search incident to arrest, Officer Hughes discovered that Ford had a

.38 caliber, Smith & Wesson revolver in the right rear pocket of his pants.

There were five live rounds in the six-round cylinder.

      3.     Officer Canas responded to the scene to assist other officers.

He searched the car and found another gun in a purse on the front seat. It was

a loaded Ruger, .38 special revolver.

      4.     Witnesses described that Phillip D. Bentley possessed the

Ruger and when the police car appeared he caused the pistol to be placed in

the purse so the police would not catch him with it. The three other occupants

observed Bentley using marijuana while he was in the backseat of the car in

possession of the pistol.

      5.     The Ruger was manufactured outside the State of Iowa and did

move in and affecting commerce prior to July 6, 2005.

      6.     The defendant hereby certifies that the facts set forth above are

true and accurate to the best of his knowledge.

5/25/06
_____
Date

_Phillip Bentley_
_____
Phillip D. Bentley
Defendant

- 12 -

5/25/06

———————————
Date

Scott C. Peterson
Attorney for Defendant

5/30/06

———————————
Date

Clifford R. Cronk III
Assistant United States Attorney

- 13 -

✎AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | IOWA |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |

| Phillip D. Bentley | Case Number: | 3:05-cr-00575 |
|---|---|---|
| | USM Number: | 08085-030 |

Scott C. Peterson
<u>Defendant's Attorney</u>

## THE DEFENDANT:

☒ pleaded guilty to count(s)    Four

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|---|
| 18:922(g)(1) | Felon in Possession of a Firearm | 07/06/05 | Four |

    The defendant is sentenced as provided in pages 2 through ____6____ of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s)    Five                              ☒ is    ☐ are    dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.
DATE: 11/29/07
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT
BY: _____
        DEPUTY CLERK

October 2, 2006
Date of Imposition of Judgment

*Robert W. Pratt*
Signature of Judge

Robert W. Pratt, Chief U.S. District Judge
Name and Title of Judge

October 2, 2006
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
             Sheet 2 — Imprisonment

DEFENDANT:              Phillip D. Bentley                    Judgment — Page ___2___ of ___6___
CASE NUMBER:            3:05-cr-00575

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:      27 months.

☒    The court makes the following recommendations to the Bureau of Prisons:
       that the Defendant be incarcerated as near to Davenport, Iowa as is possible.

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐    at _____    ☐ a.m.   ☐ p.m.   on _____ .

     ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐    before 2 p.m. on _____ .

     ☐    as notified by the United States Marshal.

     ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____    to _____

a_____ , with a certified copy of this judgment.

                                                    _____
                                                        UNITED STATES MARSHAL

                                        By _____
                                                    DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:            Phillip D. Bentley
CASE NUMBER:          3:05-cr-00575

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
        two years.

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3A — Supervised Release

Judgment—Page    4    of    6

DEFENDANT:          Phillip D. Bentley
CASE NUMBER:        3:05-cr-00575

## ADDITIONAL SUPERVISED RELEASE TERMS

You shall submit to a substance abuse evaluation. If treatment is recommended you shall participate in a program of testing and treatment for substance abuse, as directed by the Probation Officer, until such time as you are released from the program by the Probation Office. You shall not use drugs, alcohol and/or other intoxicants during and after the course of treatment.

You shall not patronize business establishments where more than fifty percent of the revenue is derived from the sale of alcoholic beverages.

You shall participate in a program of vocational/educational training at the vocational rehabilitation agency as directed by the Probation Office.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 4 — Criminal Monetary Penalties

Judgment — Page   5   of   6

DEFENDANT:              Phillip D. Bentley
CASE NUMBER:            3:05-cr-00575

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  100 | $ 0 | $ 0 |

☐  The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to plea    _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for    ☐  fin    ☐  restitution.

    ☐  the interest requirement for    ☐  fine    ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Schedule of Payments

| | Judgment — Page 6 of 6 |
|---|---|

DEFENDANT:    Phillip D. Bentley
CASE NUMBER:    3:05-cr-00575

# SCHEDULE OF PAYMENTS

## Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties

**A** ☒ Lump sum payment of $ __100__ due immediately, balance due

   ☐ not later than _____ , or
   ☒ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

   All criminal monetary penalty payments are to be made to the Clerk's Office, U. S. District Court, P. O. Box 9344, Des Moines, IA 50306-9344.

   While on supervised release, you shall cooperate with the Probation Officer in developing a monthly payment plan consistent with a schedule of allowable expenses provided by the Probation Office.

Nothing in this judgment shall be construed as a limitation on the authority of the United States to apply to the Court for a writ of garnishment subject to the approval of the Court in accordance with the Federal Debt Collection Procedure Act, 28 U.S.C. §§3301, et seq., or applicable State law, during the time period that the defendant is incarcerated or under supervision pursuant to this judgment. (See 18 U.S.C. §3664(m)).

Nothing in this judgment shall be construed as a limitation or restriction on the authority of the Bureau of Prisons to require additional payments as a condition for an assignment or for participation in any program.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Prob 12BC-IA
(Rev 3/02)

# UNITED STATES DISTRICT COURT

## FOR THE

### SOUTHERN DISTRICT OF IOWA

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**

(Probation Form 49, Waiver of Hearing is Attached)

| | | | |
|---|---|---|---|
| **Name of Offender:** | Phillip David Bentley | **Case Number:** | 05-575 |

**Name of
Sentencing
Judicial Officer:** Robert W. Pratt

**Date of Original
Sentence:** October 2, 2006

**Original Offense:** T.18:922(g)(1)-Felon In Possession of a Firearm

**Original Sentence:** 27 months imprisonment; 24 months supervised release

**Special
Conditions:**
1. Substance abuse testing and treatment; No alcohol
2. No bars
3. Vocational rehabilitation

**Supervision
Commence date** June 22, 2007

| | | | |
|---|---|---|---|
| **Assistant U. S.
Attorney:** | Cliff Cronk | **Defense
Attorney:** | Federal Public Defender |

## PETITIONING THE COURT

x      To modify the conditions of supervision as follows:

You shall reside, participate and follow the rules of a residential re-entry center program as directed by the Probation Officer for up to 120 days. **The residential re-entry center is authorized to allow you up to six hours of pass time per week, when you become eligible in accordance with the residential re-entry center standards.**

## CAUSE

The offender is from Chicago, Illinois, and has requested that his supervision be transferred to the Northern District of Illinois. USPO Brian Driver from the Northern District of Illinois has been investigating two different proposed residences, however, neither residence has been approved at this time. The offender is due to be discharged from incarceration on June 22, 2007.

I CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL

DATE: 11/29/07
MARK [ ]
CLERK, U.S. DISTRICT COURT
BY: Diane
DEPUTY CLERK

USPO Driver is willing to accept supervision of the offender as he is from Chicago, Illinois, however, the offender does not have adequate housing. As such, the U.S. Probation Office believes it is in the best interest of the offender to agree to a public law placement for 120 days. The Northern District of Illinois can place the offender at the Salvation Army where he can obtain employment, save money, and secure housing.

The offender has signed the attached Waiver of Hearing agreeing to have his supervision conditions modified, as noted in the Petition.

Respectfully submitted,

By _____

U. S. Probation Officer
Date: June 15, 2007

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF IOWA

I have been advised and understand that I am entitled by law to a hearing and assistance
of counsel before any unfavorable change may be made in my Conditions of Probation and
Supervised Release or my period of supervision being extended. By 'assistance of counsel', I
understand that I have the right to be represented at the hearing by counsel of my own choosing if
I am able to retain counsel. I also understand that I have the right to request the Court to appoint
counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of
my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also
agree to the following modification of my Conditions of Probation and Supervised Release or to
the proposed extension of my term of supervision:

You shall reside, participate and follow the rules of a residential re-entry center program as directed
by the Probation Officer for up to 120 days. **The residential re-entry center is authorized to allow
you up to six hours of pass time per week, when you become eligible in accordance with the
residential re-entry center standards.**

Witness: _Katherine Talpic_        Signed: _Philip Bentley_
        U.S. Probation Officer                Probationer of Supervised Releasee

        _6/15/07_
            DATE

### UNITED STATES DISTRICT COURT
#### SOUTHERN DISTRICT OF IOWA
#### U.S. Probation / Pretrial Services



Michael J. Elbert, Chief
U.S. Probation Officer
110 East Court Avenue, Room 127
Des Moines, IA  50309
515-284-6207
Fax -515-284-7388

Timothy F. Heinrichs, Supervising
U. S. Probation Officer
131 East 4th Street, Room 075
Davenport, IA  52801
563-884-7626
Fax - 563-884-7635

Kito J. Bess, Supervising
U. S. Probation Officer - Presentence Unit - Des Moines
515-284-6213

Burton E. Maroney, Supervising
U. S. Probation Officer - Supervision Unit - Des Moines
515-284-6419

Reply to 🖘

June 8, 2007

**Public Law Community Corrections Guidelines**

As a condition of your Probation or Supervised Release, you have been ordered to reside at a residential re-entry center for a specified period of time.   In conjunction with your placement, please be advised of the following:

    **1.** You will be required to pay 25% of your gross income to the facility for the cost of your confinement.

    **2.** You will still need to meet with your probation officer in person each month, or as directed by your probation officer, and you must continue to submit a complete and truthful monthly report every month.

    **3.** You must follow all residential re-entry rules as directed.  Failure to comply with the rules of the residential re-entry center, or removal from the facility for any disciplinary reasons, will be considered grounds for revocation of your Probation or Supervised Release.

    **4.** Time away from the facility for pass time will be determined by your status at the facility.

        [ ] You have been placed at the facility for disciplinary reasons  (i.e. you violated a condition of your Probation or Supervised Release), **you are not eligible for any pass time.**

        [ ] You have been placed at the facility for non-disciplinary reasons  (i.e. you are there for reasons that are not part of any sanction for violation behavior), you may be eligible for up to 6 hours of pass time per week at the approval of the staff at the community correction center.

If you have any questions or concerns regarding your placement at the residential re-entry center, please consult your Counselor at the facility, or your Probation Officer.

_Philip Bentley_
Probationer/Supervised Released

_6/15/07_
Date

_Katherine Tahja_
Witness

_6/15/07_
Date

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | Cr. No.: 05-575 |
| | * | |
| Phillip David Bentley , | * | |
| Defendant. | * | |

**************************************************

### ORDER OF THE COURT

[ ]  No Action Required at this time.
[ ]  The Extension of Supervision as Noted in the Petition.
[x]  The Modification of Conditions Noted in the Petition.
[ ]  Other.

Dated this ___ 18th___ day of June, 2007.

ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.
DATE: 11/9/02
CLERK, U.S. DISTRICT COURT
BY:
DEPUTY CLERK

08/27/2007 10:47 FAX          US PROBATION                              Ø004

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

Placement in Salvation Army-CCC for up to 120 days.

Witness _____        Signed _____
              Brian R. Driver                        Phillip D. Bentley

         U.S. Probation Officer                Probationer or Supervised Releasee

Date: _8-17-07_

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.

DATE: 11/29/07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

BY: _____
                    DEPUTY CLERK

Prob 12BV-1A
(Rev. 3/03)

# UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF IOWA

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender

(Probation Form 49, Waiver of Hearing is Attached)

| | | | |
|---|---|---|---|
| **Name of Offender:** | Phillip David Bentley | **Case Number:** | 05-575 |

**Name of Sentencing Judicial Officer:** Robert W. Pratt

**Date of Original Sentence:** October 2, 2006

**Original Offense:** Felon in Possession of Firearms

**Original Sentence:** 27 months imprisonment; 24 months supervised release

**Special Conditions:**
1. Substance abuse testing and treatment; no alcohol
2. No bars
3. Vocational/educational rehabilitation
4. $100.00 special assessment

**Date Supervision Commenced:** June 26, 2007

| | | | |
|---|---|---|---|
| **Assistant U. S. Attorney:** | Cliff Cronk | **Defense Attorney:** | Federal Public Defender |

## PETITIONING THE COURT

x    To modify the conditions of supervision as follows:

Placement in Salvation Army-CCC for up to 120 days

## CASE SUMMARY

The offender is being supervised by the Northern District of Illinois, however, the Southern District of Iowa maintains jurisdiction of this case.

Prob 12BV-IA

Request for Modifying the<br>
Conditions or Term of Supervision<br>
with Consent of the Offender<br>
Page 2

## Violation

1)  The defendant shall notify the probation officer ten days prior to any change in residence or employment.

2)  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

## Nature of Non-Compliance

a) According to USPO Brian Driver, the offender failed to report changes in his living arrangements regarding his primary residence. When discussing this issue, the offender offered no detailed an/or thorough explanation of allegations that he is no longer living at his reported address.    The offender took no responsibility for failing to report accurate and timely information regarding changes in his living arrangements to USPO Driver.    The offender advised the probation office that he was living at a friend's home for some nights prior to the meeting at the probation office. However, the offender could not provide the address upon request.  The offender does not have stability in his life regarding residence.

b) The offender remains unemployed at this time.

The offender has signed the attached Waiver of Hearing agreeing to have his/her supervision conditions modified, as noted in the Petition.

Respectfully submitted,

By _____

U. S. Probation Officer
Date:  August 30, 2007

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender Dated August 30, 2007

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | Cr. No.:  05-575 |
| | * | |
| Phillip David Bentley , | * | |
| Defendant. | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ORDER OF THE COURT

[ ]  **No Action Required at this time.**

[ ]  **The Extension of Supervision as Noted in the Petition.**

[X]  **The Modification of Conditions Noted in the Petition.**

[ ]  **Other.**

      **Dated this ___31st___ day of August, 2007.**

_____
ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.
DATE: 11/29/07
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT
BY: _____
DEPUTY CLERK

Prob 12A-1A

(Rev. 3/03)

# UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF IOWA

### Report on Offender Under Supervision

**Name of Offender:**   Phillip David Bentley   **Case Number:**   05-575

**Name of Sentencing Judicial Officer:**   Robert W. Pratt

**Date of Original Sentence:**   October 2, 2006

**Original Offense:**   Felon in Possession of Firearms

**Original Sentence:**   27 months imprisonment; 24 months supervised release

**Special Conditions:**
1. Substance abuse testing and treatment; no alcohol
2. No bars
3. Vocational/educational rehabilitation
4. $100.00 special assessment

**Date Supervision Commenced:**   June 26, 2007

**Modification(s):**   1. Placement in Salvation Army for 120 days (Added 8/30/07)

**Assistant U. S. Attorney:**   Cliff Cronk   **Defense Attorney:**   Federal Public Defender

## PETITIONING THE COURT

The offender has not complied with the following condition(s) of supervision:

I DO HEREBY ATTEST AND CERTIFY THAT
THIS IS A TRUE AND FULL COPY OF THE
ORIGINAL.

DATE: 11/29/07
MARJORIE E. KRAHN
CLERK, U.S. DISTRICT COURT

BY:
DEPUTY CLERK

Prob 12A-1A                                                       **Report on Offender**
                                                                 **Under Supervision**
                                                                 **Page 2**

| **Violation** | **Nature of Non-Compliance** |
|---|---|
| 1) You shall participate in a program of testing and treatment for substance abuse, as directed by the Probation Officer, until such time as you are released from the program by the Probation Office. You shall not use alcohol and/or other intoxicants during and after the course of treatment. | a) The offender is currently being supervised by USPO Brian Driver in the Northern District of Illinois, Chicago office. According to USPO Driver, on August 28, 2007, the offender provide a urine sample that tested positive for cocaine. Further, the offender failed to provide a urine sample on September 18, 2007. USPO Driver discussed the above-cited violations with the offender, however, he did not admit to either violation. |

**U. S. Probation Officer Action:**

The offender was admonished for violating his conditions of supervised release and reminded that compliance with drug testing is his responsibility. The offender was restarted in phase one urine collection, with the addition of four units of individual counseling per month. Additionally, he was placed in the Salvation Army, per the previous modification order, which will provide the offender with a more structured setting and increased monitoring.

**Background Information:**

The Court modified the offender's conditions of release to include participation in the Salvation Army for 120 days. This modification was the result of the offender failing to report changes in his living arrangements regarding his primary residence to USPO Driver. The offender took no responsibility for failing to report accurate and timely information regarding changes in his living arrangements to USPO Driver. The offender advised the probation office that he was living at a friend's home for some nights prior to the meeting at the probation office. However, the offender could not provide the address upon request. Further, the offender was unemployed.

Respectfully submitted,

By    _Zacias a. Donohoo_
_____

U. S. Probation Officer
Date:  October 29, 2007

**The Probation Office recommends no action be taken at this time.**